JOHN B. BULGOZDY, Cal. Bar No. 219897
Email: bulgozdyj@sec.gov
SUSAN F. HANNAN, Cal. Bar No. 97604
Email: hannans@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
John M. McCoy III, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. CV11 02934 SJO (JCx) |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| vs. | |
| MAM WEALTH MANAGEMENT, LLC; MAMW REAL ESTATE FUND GENERAL PARTNER, LLC; ALEX MARTINEZ; and RAPHAEL R. SANCHEZ, | |
| Defendants. | |

1    Plaintiff Securities and Exchange Commission ("Commission") alleges as
2  follows:

3                                **SUMMARY**

4         1.      This matter involves a $10.3 million securities fraud by MAM Wealth
5  Management, LLC ("MAM"), a Commission registered broker-dealer and a
6  California registered investment adviser; MAMW Real Estate Fund General
7  Partner, LLC ("MAMW"), the general partner of MAM Wealth Management Real
8  Estate Fund, LLC ("Fund"); Alex Martinez ("Martinez"), the owner of MAM,
9  member of MAMW, and President of the Fund; and Raphael R. Sanchez
10 ("Sanchez"), a registered representative licensed with MAM, member of MAMW,
11 and Chief Financial Officer of the Fund.  From July 2007 through March 2009,
12 Martinez and Sanchez invested approximately $10.3 million, from approximately
13 50 of their advisory clients, in the Fund.  The offering memorandum for the Fund
14 described it as "speculative" with a "high degree of risk," limited it to only
15 "accredited investors," stated it was "suitable only for sophisticated investors," and
16 cautioned that investors needed to accept "the risk of loss of investment and lack of
17 liquidity."  Despite the defendants' knowledge of these risks, defendants Martinez
18 and Sanchez knowingly and recklessly misrepresented to their MAM clients that
19 the Fund was a safe and relatively liquid investment.  In addition, Martinez and
20 Sanchez used their discretionary authority over the funds of other MAM clients to
21 invest substantial client assets into the Fund, in breach of their fiduciary duty
22 because the Fund was an unsuitable investment for their clients who were
23 unaccredited investors, retirees with limited means, or the Fund was contrary to the
24 clients' stated, conservative investment goals.

25        2.      The confidential offering memorandum listed a variety of types of
26 investments to be targeted by the Fund, including publicly traded or privately held
27 real estate operating companies, programmatic joint ventures, corporate
28 divestitures, community/residential developments, commercial developments, debt

1  instruments, portfolios of real estate and real estate loans held by financial

2  institutions, and individual real estate assets.  Defendants Martinez, Sanchez, and

3  MAMW used Fund assets primarily to fund second mortgage loans to borrowers

4  who were in financial distress and/or unable to obtain financing from other

5  mortgage lenders.  The Fund's loans have not performed as borrowers failed to

6  make payments according to the terms of the loans.  Defendants Martinez,

7  Sanchez, and MAMW caused the Fund to stop making distributions to investors in

8  January 2010 and refused to honor withdrawal requests.

9       3.     The defendants, by engaging in the conduct described in this

10 Complaint, have violated the antifraud provisions of Section 17(a) of the Securities

11 Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), and Section 10(b) of the

12 Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule

13 10b-5 thereunder, 17 C.F.R. § 240.10b-5.  Martinez and MAM also violated the

14 antifraud provisions of Sections 206(1) and 206(2) of the Investment Advisers Act

15 of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) and 80b-6(2), and Sanchez aided

16 and abetted MAM's violations of Sections 206(1) and 206(2) of the Advisers Act,

17 15 U.S.C. §§ 80b-6(1) and 80b-6(2).  By this action, the Commission seeks a

18 permanent injunction prohibiting such future violations, disgorgement of the

19 defendants' ill-gotten gains, prejudgment interest, and civil penalties.

20                    **JURISDICTION AND VENUE**

21      4.     This Court has jurisdiction over this action pursuant to Sections 20(b),

22 20(d)(1) and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(b), 77t(d)(1) and 77v(a);

23 Sections 21(d)(1), 21(d)(3)(A), 21(e) and 27 of the Exchange Act, 15 U.S.C. §§

24 78u(d)(1), 78u(d)(3)(A), 78u(e) and 78aa; and Sections 209(d), 209(e)(1) and 214

25 of the Advisers Act, 15 U.S.C. §§ 80b-9(d), 80b-9(e)(1) and 80b-14.  Defendants

26 have, directly or indirectly, made use of the means or instrumentalities of interstate

27 commerce, of the mails, or of the facilities of a national securities exchange, in

28 connection with the transactions, acts, practices, and courses of business alleged in

1    this Complaint.

2        5.      Venue is proper in this district pursuant to Section 22(a) of the

3    Securities Act, 15 U.S.C. § 77v(a); Section 27 of the Exchange Act, 15 U.S.C. §

4    78aa; and Section 214 of the Advisers Act, 15 U.S.C. §80b-14, because certain of

5    the transactions, acts, practices, and courses of conduct constituting violations of

6    the federal securities laws occurred within this district, defendants Martinez and

7    Sanchez reside in this district, and defendants MAM and MAMW had their

8    principal place of business in this district.

9                                    **DEFENDANTS**

10       6.      **Alex Martinez (aka Alejandro Martinez)** ("Martinez"), age 49,

11   resides in Studio City, California.  Martinez is the owner, CEO and chief compliance

12   officer of MAM, and has Series 7, 24, 63, and 65 licenses.  Martinez is a member of

13   MAMW and its Manager, and the President of the Fund.

14       7.      **Rafael R. Sanchez (aka Rafael R. Sanchezfox)** ("Sanchez"), age 52,

15   resides in Altadena, California.  Sanchez has been a registered representative

16   licensed with MAM since September 2007, and has Series 7 and 65 licenses.

17   Sanchez is a member of MAMW, and the Chief Financial Officer of the Fund.

18       8.      **MAM Wealth Management, LLC (dba MAM Securities, LLC)**

19   ("MAM") is a California limited liability company formed in 2003, with its principal

20   place of business in Sherman Oaks, California.  MAM is a broker-dealer registered

21   with the Commission, and an investment adviser registered with the State of

22   California.  MAM has approximately 170 clients (including individuals, IRA

23   accounts, trusts, and corporations) and $20 million in assets under management.

24       9.      **MAMW Real Estate Fund General Partner, LLC,** ("MAMW") is a

25   Delaware limited liability company formed in June 2007 with its principal place of

26   business in Sherman Oaks, California.  It was formed to be the general partner of the

27   Fund.

28   ///

## THE FRAUDULENT SCHEME

### A.   The Fund Was a Highly Risky and Speculative Investment

10.     MAM Wealth Real Estate Fund I, L.P ("Fund") is a Delaware limited partnership formed in June 2007 by MAMW.  The Fund's principal place of business is Sherman Oaks, California, and it operated out of the offices of MAM.  The Fund did not register with the Commission as an investment company.  The Fund's offering was not registered under the Securities Act.  The Fund sold "limited partnership interests" to investors.

11.     Martinez, Sanchez, and a third party formed the Fund to raise capital to invest in real estate opportunities in North America.  MAM was paid an advisory fee of between 1% and 2% on all client assets invested in the Fund.  Under the terms of the offering, MAMW received a 2% annual management fee on principal amounts invested in the Fund, paid in quarterly increments, for the first six years of the Fund. Because the management fee was based on principal amounts invested in the Fund, it did not fluctuate with the value of the underlying assets held by the Fund.  In addition, MAMW received an acquisition fee of 2% of total consideration paid for each property acquired by the Fund.

12.     Defendants MAMW, Martinez, and Sanchez produced a Confidential Offering Memorandum ("COM") for the Fund, dated July 27, 2007.  The COM stated that the Fund sought commitments for the Fund aggregating $10 million, with the option to increase the Fund up to $50 million.  The COM stated that the minimum commitment was to be $100,000, although MAMW reserved the right to raise or lower the minimum and to make exceptions to it.  The COM stated that the Fund was offering, "through private placement, limited partnership interests" to "a select group of sophisticated U.S. and foreign investors."  The COM explicitly limited the offering to accredited investors, and stated that the offering was a nonpublic unregistered offering pursuant to Section 4(2) of the Securities Act and Rule 506 of Regulation D.  The COM stated that MAMW expected that the Fund

4

1   would be exempt from registration as an investment company under Section 3(c)(7)
2   of the Investment Company Act.

3        13.    The COM stated that the Fund's objective was to provide investors with
4   returns of 17%-18% per annum through investment in real estate related
5   opportunities in North America.  The COM listed specific targeted categories of
6   domestic investments for the Fund such as:  publicly traded or privately held real
7   estate operating companies, programmatic joint ventures, corporate divestitures,
8   community/residential developments, commercial developments, debt instruments,
9   portfolios of real estate and real estate loans held by financial institutions, and
10  individual real estate assets.  The COM represented that the Fund's objective was to
11  make investments that can be disposed of within five to seven years.

12       14.    The COM stated that the Fund would, at the discretion of MAMW,
13  make distributions of net proceeds from all investments, including, but not limited to,
14  net cash from operations and capital and refinancing proceeds from investments, in
15  the following order of priority: first, 100% to the investors, pro rata, until they have
16  received a 9% cumulative preferred return, compounded annually, on their
17  investments; second, to the investors, pro rata, until they have received their
18  unreturned investments; third, 40% to the investors and 60% to MAMW until
19  MAMW has received 20% of a sum related to the amounts paid to investors; and
20  thereafter, 80% to investors and 20% to MAMW.

21       15.    The COM stated that the Fund would terminate in 2017, although that
22  term could be extended at the discretion of MAMW for three one-year periods.

23       16.    The COM stated that an investment in the Fund was speculative and
24  highly risky.  For example, the page numbered 2 of the COM stated that investments
25  in the Fund:

26            will involve significant risks due to, among other things, the
27            nature of the Funds investments and actual and potential
28            conflicts of interest, and there can be no assurance as to the

5

1    returns on any of the Fund's investments or that there will be

2    any return of capital. . . . Investors should have the financial

3    ability and willingness to accept the risks (including, among

4    other things, the risk of loss of investment and lack of liquidity)

5    that are characteristic of the investments described herein and

6    should consult their financial advisors regarding the

7    appropriateness of making investments in …the Fund.  There

8    will be no public market for the limited partnership interests

9    and, subject to certain limited exceptions, the limited

10   partnership interests will not be transferable.

11       17.   The COM explicitly limited the Fund to sophisticated and accredited

12   investors because of the high risk and speculative nature of the fund:

13   The Interests are speculative and present a high degree of risk.

14   Investment in the Fund may only be made by "accredited

15   investors" (as defined under Rule 501(a) of Regulation D

16   promulgated under the Securities Act) and is suitable only for

17   sophisticated investors and requires the financial ability and

18   willingness to accept the high risks and lack of liquidity

19   inherent in an investment in the Fund.  Investors in the Fund

20   must be prepared to bear such risks for an extended period of

21   time.  No assurance can be given that the Fund's investment

22   objective will be achieved or that investors will receive a

23   return of their capital.  Each purchaser of the Interests must

24   represent that such purchaser is an "accredited investor" within

25   the meaning of Regulation D.

26       18.   In a section entitled "Risk Factors" on pages 27 to 29 of the COM,

27   MAMW and the Fund disclosed 21 specific risk factors, including "Limited Current

28   Return," "Lack of Liquidity of Investments," and "No Transferability of, or Market

6

1   for, Limited Partnership Interests."

2       19.     In fact, the Fund made highly risky and speculative investments. Under
3   the management of MAMW, Martinez, and Sanchez, the Fund made nine real estate
4   loans ranging from $150,000 to $6.1 million, secured by second mortgages that were
5   subordinated to any outstanding first trust deeds. Some of the Fund's borrowers
6   were in financial distress at the time the Fund extended loans, and were unable to
7   obtain additional funds from the borrowers' existing lenders or from other lenders.

8       20.     At least through January 2010, the Fund's reports to investors stated that
9   there was no diminution in the value of the Funds' investment portfolio. In fact, the
10  assets held by the Fund have little or no value. The Fund never received any
11  payments on two loans. Since at least 2009, the Fund has not received any payments
12  on four other loans. The Fund's largest single loan, in the amount of about $6.1
13  million, was secured by a second mortgage on a piece of property that had a $30.5
14  million first lien mortgage held by the FDIC. The FDIC values the property at
15  approximately $1 million. Another loan, secured by a junior mortgage in the amount
16  of $710,000, has been wiped out by foreclosure on the collateral by the senior lien.
17  At least three other loans made by the Fund and secured by junior liens are secured
18  by collateral with market values below the amount secured by senior liens, leaving
19  little likelihood of recovery by the Fund.

20      21.     Since January 2010, the Fund has not made distributions to investors or
21  honored any withdrawal requests. As of January 2010, investors in the Fund were
22  owed principal of over $9 million.

23      **B.    Defendants' Fraudulent Misrepresentations and Omissions in the**
24          **Sale of the Fund to MAM's Clients**

25      22.     Martinez, Sanchez, MAM, and MAMW raised approximately $10.3
26  million for the Fund from about 50 clients of MAM, who owned about 70 accounts
27  held either individually, as individual retirement accounts, or trusts or foundations.

28      23.     Contrary to the risk disclosures in the COM, during the period from July

1    2007 through March 2009, Martinez and Sanchez knowingly and recklessly

2    misrepresented to several clients that investments in the Fund were safe.  Martinez,

3    Sanchez, MAM and MAMW represented to at least one investor that the Fund was

4    going to invest in selected "AAA" properties with excellent future value, was safe

5    and secure, and was recognized by the SEC and supported by Charles Schwab.  In

6    2007, Sanchez told a MAM client that the Fund carried no more risk than mutual

7    funds and bonds.  In 2007, Martinez told a MAM client that the Fund was a safe

8    investment that would not jeopardize the investor's precarious financial situation.

9    These representations were false.

10        24.    Contrary to the risk disclosures in the COM concerning lack of liquidity

11   and risk, Martinez, Sanchez, MAM and MAMW represented that the Fund would

12   show profits in three years and would earn a return of 9% per year.  For example, in

13   or around July 2007, Sanchez told a MAM client that the fund would increase in

14   value and there was no reason to be concerned about the security of his investment.

15   In fact, defendants had no reasonable basis for these representations and knew or

16   were reckless in not knowing that such statements were false.

17        25.    Martinez, Sanchez, MAM, and MAMW did not provide the COM to

18   some MAM clients when they offered and sold investments in the Fund, and contrary

19   to the risk disclosures in the COM, falsely represented to those clients that the Fund

20   was safe and liquid.  Such representations were false.  The failure of Martinez,

21   Sanchez, and MAM to provide clients with the COM was a material omission.

22        C.    **Defendants Breached Their Fiduciary Duty In Making Unsuitable**

23              **Investments for Their Advisory Clients**

24        26.    At all relevant times, MAM was a registered investment advisor and

25   owed a fiduciary duty to its clients.  Martinez was the CEO and Chief Compliance

26   Officer of MAM, and Sanchez was a client representative registered with MAM.

27        27.    In breach of their fiduciary duty, MAM, Martinez, and Sanchez advised

28   their clients to invest in the Fund even though it was an unsuitable investment for the

8

1    clients.  Although the COM specified that it was only for "accredited investors" who
2    were sophisticated, MAM, Martinez, and Sanchez advised and sold investments in
3    the Fund to several non-accredited investors.

4         28.    In breach of their fiduciary duty, although the Fund was highly
5    speculative and investors needed to be prepared to lose their entire investment,
6    MAM, Martinez, and Sanchez advised several of their elderly and/or retired clients,
7    who had limited incomes and/or net worth, to invest in the Fund.

8         29.    In some cases, MAM, Martinez, and Sanchez used their discretionary
9    authority over clients' accounts to invest their clients' money in the Fund.  For
10   example, in 2007 and 2008, Martinez and Sanchez invested between 75% and 80%
11   of one 70-year old client's accounts in the Fund without consultation.  Such
12   discretionary investments breached the fiduciary duty of MAM, Martinez, and
13   Sanchez to their clients when the Fund was an unsuitable investment for the clients
14   due to the Fund's high level of risk and lack of liquidity.

15        30.    At all relevant times, Martinez and Sanchez acted with scienter.
16   Martinez's scienter is attributable to MAMW through his role as its Manager.
17   Martinez's scienter is attributable to MAM through his role as its owner, CEO, and
18   Chief Compliance Officer.

19                          **FIRST CLAIM FOR RELIEF**
20                    **Fraud in the Offer or Sale of Securities**
21              **Violations of Section 17(a) of the Securities Act**
22                          **(Against All Defendants)**

23        31.    The Commission realleges and incorporates by reference paragraphs 1
24   through 30 above.

25        32.    The defendants, and each of them, by engaging in the conduct described
26   above, in the offer or sale of securities by the use of means or instruments of
27   transportation or communication in interstate commerce or by use of the mails
28   directly or indirectly:

a.  with scienter, employed devices, schemes, or artifices to defraud;

b.  obtained money or property by means of untrue statements of a material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

c.  engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

33.  By engaging in the conduct described above, the defendants violated, and unless restrained and enjoined will continue to violate, Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

**SECOND CLAIM FOR RELIEF**

**Fraud In Connection With the Purchase or Sale of Securities**

**Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder**

**(Against All Defendants)**

34.  The Commission realleges and incorporates by reference paragraphs 1 through 30 above.

35.  The defendants, and each of them, by engaging in the conduct described above, directly or indirectly, in connection with the purchase or sale of a security, by the use of means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange, with scienter:

a.  employed devices, schemes, or artifices to defraud;

b.  made untrue statements of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

c.  engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons.

36.  By engaging in the conduct described above, the defendants violated,

10

1   and unless restrained and enjoined will continue to violate, Section 10(b) of the

2   Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-

3   5.

4                          **THIRD CLAIM FOR RELIEF**

5                     **Fraud on Investment Adviser's Clients**

6          **Violations of Sections 206(1) and 206(2) of the Advisers Act**

7                          **(Against MAM and Martinez)**

8          37.    The Commission realleges and incorporates by reference paragraphs 1

9   through 30 above.

10         38.    Defendants MAM and Martinez, by engaging in the conduct described

11  above, by use of the mails or means or instrumentalities of interstate commerce,

12  directly or indirectly, while acting as an investment adviser:  (a) with scienter,

13  employed devices, schemes or artifices to defraud advisory clients or prospective

14  advisory clients; and (b) engaged in transactions, practices or courses of business

15  which operated as a fraud or deceit upon advisory clients or prospective advisory

16  clients.

17         39.    By reason of the foregoing, defendants MAM and Martinez violated,

18  and unless restrained and enjoined will continue to violate, Sections 206(1) and

19  206(2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) and 80b-6(2).

20                         **FOURTH CLAIM FOR RELIEF**

21         **Aiding and Abetting Fraud on Investment Adviser's Clients**

22         **Violations of Sections 206(1) and 206(2) of the Advisers Act**

23                              **(Against Sanchez)**

24         40.    The Commission realleges and incorporates by reference paragraphs 1

25  through 30 above.

26         41.    Defendant Sanchez, by engaging in the conduct described above, while

27  generally aware or knowing that his actions were part of an overall course of conduct

28  that was improper or illegal, provided substantial assistance to MAM in the

11

1 | perpetration of the fraudulent scheme.

2 |     42.    By engaging in the conduct described above, pursuant to Section 209(d)

3 | of the Advisers Act, 15 U.S.C. § 80b-9(d), defendant Sanchez violated, and unless

4 | restrained and enjoined will continue to violate, Sections 206(1) and 206(2) of the

5 | Advisers Act, 15 U.S.C. §§ 80b-6(1) and 80b-6(2).

6 | **PRAYER FOR RELIEF**

7 |     WHEREFORE, the Commission respectfully requests that the Court:

8 | **I.**

9 |     Issue findings of fact and conclusions of law that the defendants committed

10 | the alleged violations.

11 | **II.**

12 |     Issue judgments, in a form consistent with Fed. R. Civ. P. 65(d),

13 | permanently enjoining defendants and their officers, agents, servants, employees,

14 | and attorneys, and those persons in active concert or participation with any of

15 | them, who receive actual notice of the order by personal service or otherwise, and

16 | each of them, from violating Section 17(a) of the Securities Act, 15 U.S.C. §§

17 | 77e(a), 77e(c) and 77q(a); Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b),

18 | and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; enjoining defendants MAM

19 | and Martinez from violating Sections 206(1) and 206(2) of the Advisers Act, 15

20 | U.S.C. §§ 80b-6(1) and 80b-6(2); and enjoining defendant Sanchez from aiding

21 | and abetting violations of Section 206(1) and 206(2) of the Advisers Act.

22 | **III.**

23 |     Order each defendant to disgorge all ill-gotten gains from their illegal

24 | conduct, together with prejudgment interest thereon.

25 | **IV.**

26 |     Order defendants MAM and Martinez to pay civil penalties under Section

27 | 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange

28 | Act, 15 U.S.C. § 78u(d)(3), and Section 209(e)(1) of the Advisers Act, 15 U.S.C. §

80b-9(e)(1).

## V.

Order defendants Sanchez and MAMW to pay civil penalties under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

## VI.

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

## VII.

Grant such other and further relief as this Court may determine to be just and necessary.

DATED:  April 7, 2011

Susan F. Hannan
Attorney for Plaintiff
Securities and Exchange Commission

John B. Bulgozdy, Cal. Bar No. 219897
Susan F. Hannan, Cal. Bar No. 97604
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90036

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| SECURITIES AND EXCHANGE COMMISSION | CASE NUMBER |
|---|---|
| PLAINTIFF(S)<br><br>v.<br><br>MAM WEALTH MANAGEMENT, LLC; MAMW REAL ESTATE FUND GENERAL PARTNER, LLC; ALEX MARTINEZ; and RAPHAEL R. SANCHEZ<br>DEFENDANT(S). | **CV11 02934 SJO (JCx)**<br><br>**SUMMONS** |

TO:   DEFENDANT(S): <u>MAM WEALTH MANAGEMENT, LLC; MAMW REAL ESTATE FUND GENERAL PARTNER, LLC; ALEX MARTINEZ; and RAPHAEL R. SANCHEZ</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>John B. Bulgozdy/Susan F. Hannan</u>, whose address is <u>Securities and Exchange Commission, 5670 Wilshire Blvd., 11th Fl., LA, CA 90036</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____ **APR - 7 2011** _____

By: _____

CHRISTOPHER POWERS

Deputy Clerk

*(Seal of the Court)*

1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                    SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SECURITIES AND EXCHANGE COMMISSION

**DEFENDANTS**
MAM WEALTH MANAGEMENT, LLC; MAMW REAL ESTATE FUND GENERAL PARTNER, LLC; ALEX MARTINEZ; AND RAPHAEL R. SANCHEZ.

LOS ANGELES COUNTY

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

John B. Bulgozdy and/or Susan F. Hannan   (323) 965-3998
Securities and Exchange Commission
5670 Wilshire Blvd., 11th Floor, Los Angeles, CA 90036

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☑ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 77q(a), 15 U.S.C. § 78j(b), 17 C.F.R. § 240.10b-5, 15 U.S.C. § § 80b-6(1) and 80b-6(2)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☑ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | IMMIGRATION | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) | |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11 02934

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                     CIVIL COVER SHEET                     Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles for Defendants MAM Wealth Management, LLC; MAMW Real Estate Fund General Partner, LLC; Alex Martinez; and Raphael R. Sanchez | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): *Susan D. Herron*                    Date April 7, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 2 of 2