JOHN B. BULGOZDY, Cal. Bar No. 219897
Email: bulgozdyj@sec.gov
SUSAN F. HANNAN, Cal. Bar No. 97604
Email: hannans@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
John M. McCoy III, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone:  (323) 965-3998
Facsimile:   (323) 965-3908

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MAM WEALTH MANAGEMENT, LLC; MAMW REAL ESTATE FUND GENERAL PARTNER, LLC; ALEX MARTINEZ; and RAPHAEL SANCHEZ,<br><br>Defendants. | Case No. CV 11-2934 SJO (JCx)<br><br>**CONSENT OF DEFENDANT MAM WEALTH MANAGEMENT, LLC TO JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF** |

1.    Defendant MAM Wealth Management, LLC ("Defendant")
acknowledges having been served with the Complaint in this action, enters a
general appearance, and admits the Court's jurisdiction over Defendant and over
the subject matter of this action.

2.    Without admitting or denying the allegations of the Complaint (except
as to personal and subject matter jurisdiction, which Defendant admits), Defendant
hereby consents to the entry of the Judgment of Permanent Injunction and Other
Relief in the form attached hereto ("Judgment") and incorporated by reference
herein, which, among other things:

(a)    permanently restrains and enjoins Defendant from violations of
Section 17(a) of the Securities Act of 1933 (the "Securities
Act"), 15 U.S.C. § 77q(a); Section 10(b) of the Securities
Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §
78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; and
Sections 206(1) and 206(2) of the Investment Advisers Act of
1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) and 80b-6(2);

(b)    orders Defendant to pay disgorgement and prejudgment interest
thereon, and a civil penalty, in amounts to be determined at a
later date.

3.    Defendant agrees that the Court shall order disgorgement of ill-gotten
gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d)
of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15
U.S.C. § 78u(d)(3), and Section 209(e)(1) of the Advisers Act, 15 U.S.C. § 80b-
9(e)(1). Defendant further agrees that the amounts of disgorgement and civil
penalty shall be determined by the Court upon motion of the Commission, and that
prejudgment interest shall be calculated from April 1, 2009, based on the rate of
interest used by the Internal Revenue Service for the underpayment of federal
income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in

1

1    connection with the Commission's motion for disgorgement and/or civil penalties,
2    and at any hearing held on such a motion:  (a) Defendant will be precluded from
3    arguing that it did not violate the federal securities laws as alleged in the
4    Complaint; (b) Defendant may not challenge the validity of this Consent or the
5    Judgment; (c) solely for the purposes of such motion, the allegations of the
6    Complaint shall be accepted as and deemed true by the Court; and (d) the Court
7    may determine the issues raised in the motion on the basis of affidavits,
8    declarations, excerpts of sworn deposition or investigative testimony, and
9    documentary evidence, without regard to the standards for summary judgment
10   contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection
11   with the Commission's motion for disgorgement and/or civil penalties, the parties
12   may take discovery, including discovery from appropriate non-parties.
13          4.      Defendant waives the entry of findings of fact and conclusions of law
14   pursuant to Rule 52 of the Federal Rules of Civil Procedure.
15          5.      Defendant waives the right, if any, to a jury trial and to appeal from
16   the entry of the Judgment.
17          6.      Defendant enters into this Consent voluntarily and represents that no
18   threats, offers, promises, or inducements of any kind have been made by the
19   Commission or any member, officer, employee, agent, or representative of the
20   Commission to induce Defendant to enter into this Consent.
21          7.      Defendant agrees that this Consent shall be incorporated into the
22   Judgment with the same force and effect as if fully set forth therein.
23          8.      Defendant will not oppose the enforcement of the Judgment on the
24   ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of
25   Civil Procedure, and hereby waives any objection based thereon.
26          9.      Defendant waives service of the Judgment and agrees that entry of the
27   Judgment by the Court and filing with the Clerk of the Court will constitute notice
28   to Defendant of its terms and conditions.  Defendant further agrees to provide

2

counsel for the Commission, within thirty (30) days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that it has received and read a copy of the Judgment.

10.    Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the Complaint in this action.

11.    Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or

3

1   creating the impression that the Complaint is without factual basis; and (ii) that

2   upon the filing of this Consent, Defendant hereby withdraws any papers filed in

3   this action to the extent that they deny any allegation in the Complaint.  If

4   Defendant breaches this agreement, the Commission may petition the Court to

5   vacate the Judgment and restore this action to its active docket.  Nothing in this

6   paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal

7   or factual positions in litigation or other legal proceedings in which the

8   Commission is not a party.

9         12.    Defendant hereby waives any rights under the Equal Access to Justice

10  Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any

11  other provision of law to seek from the United States, or any agency, or any

12  official of the United States acting in his or her official capacity, directly or

13  indirectly, reimbursement of attorney's fees or other fees, expenses, or costs

14  expended by Defendant to defend against this action.  For these purposes,

15  Defendant agrees that it is not the prevailing party in this action since the parties

16  have reached a good faith settlement.

17        13.    In connection with this action and any related judicial or

18  administrative proceeding or investigation commenced by the Commission or to

19  which the Commission is a party, Defendant (i) agrees to appear and be

20  interviewed by Commission staff at such times and places as the staff requests

21  upon reasonable notice; (ii) will accept service by mail or facsimile transmission of

22  notices or subpoenas issued by the Commission for documents or testimony at

23  depositions, hearings, or trials, or in connection with any related investigation by

24  Commission staff; (iii) appoints Defendant's undersigned attorney as agent to

25  receive service of such notices and subpoenas; (iv) with respect to such notices and

26  subpoenas, waives the territorial limits on service contained in Rule 45 of the

27  Federal Rules of Civil Procedure and any applicable local rules, provided that the

28  party requesting the testimony reimburses Defendant's travel, lodging, and

4

1  subsistence expenses at the then-prevailing U.S. Government per diem rates; and
2  (v) consents to personal jurisdiction over Defendant in any United States District
3  Court for purposes of enforcing any such subpoena.
4      14.   Defendant agrees that the Commission may present the Judgment to
5  the Court for signature and entry without further notice.
6      15.   Defendant agrees that this Court shall retain jurisdiction over this
7  matter for the purpose of enforcing the terms of the Judgment.
8
9  Dated: 1/15/2012
10                                    MAM Wealth Management, LLC
11                                    By: Alex Martinez
                                      Chief Executive Officer
12                                    MAM Wealth Management, LLC
13  State of California
    County of _____
14
15  On _____, before me, _____,
    personally appeared _____, who proved to
16  me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
17  subscribed to the within instrument and acknowledged to me that he/she/they executed
    the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s)
18  on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
19  executed the instrument.
20  I certify under PENALTY OF PERJURY under the laws of the State of California that
21  the foregoing paragraph is true and correct.
22  WITNESS my hand and official seal.
23
24  Signature _____ (Seal)
25  Approved as to form:
26  John B. Wallace
27  Rosen & Associates, P.C.
    Attorneys for Defendant
28  MAM Wealth Management, LLC

5

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On January 26, 2012, I caused to be served the document entitled **CONSENT OF DEFENDANT MAM WEALTH MANAGEMENT, LLC TO JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF** on all the parties to this action addressed as stated on the attached service list:

[X]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ]   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[ ]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]   **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: __January 26, 2012__          __/s/ Susan F. Hannan__
                                                    Susan F. Hannan

1
2
3
4

**SEC v. MAM WEALTH, LLC et al.**
**United States District Court – Central District of California**
**CV 11-2934 SJO (JCx)**
**(LA-3717)**


SERVICE LIST

5
6
7

Rafael R. Sanchez
██████████████
Altadena, CA 91001
Email: ███████████████████
***Defendant in Pro Per***

8
9
10
11
12
13
14
15

Robert C. Rosen, Esq. **(served via CM/ECF only)**
John B. Wallace, Esq. **(served via CM/ECF only)**
David P. Bleistein, Esq. **(served via CM/ECF only)**
Rosen & Associates, P.C.
Citigroup Center
444 S. Flower Street, 6th Floor
Los Angeles, CA 90071
Email:  robertrosen@rosen-law.com
Email:  johnwallace@rosen-law.com
Email:  dbleistein@rosen-law.com
***Attorneys for Defendants Alex Martinez, MAM Wealth***
***Management, LLC, and MAMW Real Estate Fund General Partner***
***LLC***

16
17
18
19
20
21
22
23
24
25
26
27
28