1  JOHN B. BULGOZDY, Cal. Bar No. 219897
   Email:  bulgozdyj@sec.gov
2  SUSAN F. HANNAN, Cal. Bar No. 97604
   Email:  hannans@sec.gov
3
   Attorneys for Plaintiff
4  Securities and Exchange Commission
   Rosalind R. Tyson, Regional Director
5  John M. McCoy III, Associate Regional Director
   5670 Wilshire Boulevard, 11th Floor
6  Los Angeles, California 90036
   Telephone:  (323) 965-3998
7  Facsimile:   (323) 965-3908

8
                    UNITED STATES DISTRICT COURT
9
                  CENTRAL DISTRICT OF CALIFORNIA
10

11  SECURITIES AND EXCHANGE          Case No. CV 11-2934 SJO (JCx)
    COMMISSION,
12                                   **CONSENT OF DEFENDANT
              Plaintiff,             MAMW REAL ESTATE FUND
13                                   GENERAL PARTNER, LLC TO
         vs.                         JUDGMENT OF PERMANENT
14                                   INJUNCTION AND OTHER
    MAM WEALTH MANAGEMENT, LLC;      RELIEF**
15  MAMW REAL ESTATE FUND
    GENERAL PARTNER, LLC; ALEX
16  MARTINEZ; and RAPHAEL SANCHEZ,

17            Defendants.

18

19

20

21

22

23

24

25

26

27

28

1.   Defendant MAMW Real Estate Fund General Partner, LLC ("Defendant") acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.   Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Judgment of Permanent Injunction and Other Relief in the form attached hereto ("Judgment") and incorporated by reference herein, which, among other things:

     (a)   permanently restrains and enjoins Defendant from violations of Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a); and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5;

     (b)   orders Defendant to pay disgorgement and prejudgment interest thereon, and a civil penalty, in amounts to be determined at a later date.

3.   Defendant agrees that the Court shall order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant further agrees that the amounts of disgorgement and civil penalty shall be determined by the Court upon motion of the Commission, and that prejudgment interest shall be calculated from April 1, 2009, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal

1

securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

4.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

6.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.    Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

8.    Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.    Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty (30) days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that it has

2

1  received and read a copy of the Judgment.

2       10.   Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the

3  claims asserted against Defendant in this civil proceeding.  Defendant

4  acknowledges that no promise or representation has been made by the Commission

5  or any member, officer, employee, agent, or representative of the Commission with

6  regard to any criminal liability that may have arisen or may arise from the facts

7  underlying this action or immunity from any such criminal liability.  Defendant

8  waives any claim of Double Jeopardy based upon the settlement of this proceeding,

9  including the imposition of any remedy or civil penalty herein.  Defendant further

10  acknowledges that the Court's entry of a permanent injunction may have collateral

11  consequences under federal or state law and the rules and regulations of self-

12  regulatory organizations, licensing boards, and other regulatory organizations.

13  Such collateral consequences include, but are not limited to, a statutory

14  disqualification with respect to membership or participation in, or association with

15  a member of, a self-regulatory organization.  This statutory disqualification has

16  consequences that are separate from any sanction imposed in an administrative

17  proceeding.  In addition, in any disciplinary proceeding before the Commission

18  based on the entry of the injunction in this action, Defendant understands that it

19  shall not be permitted to contest the factual allegations of the Complaint in this

20  action.

21       11.   Defendant understands and agrees to comply with the Commission's

22  policy "not to permit a defendant or respondent to consent to a judgment or order

23  that imposes a sanction while denying the allegations in the complaint or order for

24  proceedings." 17 C.F.R. § 202.5.  In compliance with this policy, Defendant

25  agrees: (i) not to take any action or to make or permit to be made any public

26  statement denying, directly or indirectly, any allegation in the Complaint or

27  creating the impression that the Complaint is without factual basis; and (ii) that

28  upon the filing of this Consent, Defendant hereby withdraws any papers filed in

3

this action to the extent that they deny any allegation in the Complaint.  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that it is not the prevailing party in this action since the parties have reached a good faith settlement.

13.    In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District

4

1   Court for purposes of enforcing any such subpoena.

2       14.    Defendant agrees that the Commission may present the Judgment to

3   the Court for signature and entry without further notice.

4       15.    Defendant agrees that this Court shall retain jurisdiction over this

5   matter for the purpose of enforcing the terms of the Judgment.

6

7   Dated:   1/15/2012                        _____

8                                            MAMW Real Estate Fund General

9                                            Partner, LLC
                                             By:  Alex Martinez
                                             Chief Executive Officer
10

11  State of California

12  County of _____

13

14  On _____, before me, _____,

15  personally appeared _____, who

16  proved to me on the basis of satisfactory evidence to be the person(s) whose
    name(s) is/are subscribed to the within instrument and acknowledged to me that
17  he/she/they executed the same in his/her/their authorized capacity(ies), and that by
    his/her/their signature(s) on the instrument the person(s), or the entity upon behalf
18  of which the person(s) acted, executed the instrument.

19
    I certify under PENALTY OF PERJURY under the laws of the State of California
20  that the foregoing paragraph is true and correct.

21
    WITNESS my hand and official seal.
22

23  Signature _____ (Seal)

24  Approved as to form:

25

26  _____
    John B. Wallace
27  Rosen & Associates, P.C.
    Attorneys for Defendant
28  MAMW Real Estate Fund General Partner, LLC

                                    5

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On January 26, 2012, I caused to be served the document entitled **CONSENT OF DEFENDANT MAMW REAL ESTATE FUND GENERAL PARTNER, LLC TO JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF** on all the parties to this action addressed as stated on the attached service list:

[X]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ]   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[ ]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]   **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  January 26, 2012                    /s/ Susan F. Hannan
                                           Susan F. Hannan

6

**SEC v. MAM WEALTH, LLC et al.**
**United States District Court – Central District of California**
**CV 11-2934 SJO (JCx)**
**(LA-3717)**

SERVICE LIST

Rafael R. Sanchez
████████████████
Altadena, CA 91001
Email: ████████████████
***Defendant in Pro Per***

Robert C. Rosen, Esq. **(served via CM/ECF only)**
John B. Wallace, Esq. **(served via CM/ECF only)**
David P. Bleistein, Esq. **(served via CM/ECF only)**
Rosen & Associates, P.C.
Citigroup Center
444 S. Flower Street, 6th Floor
Los Angeles, CA 90071
Email:  robertrosen@rosen-law.com
Email:  johnwallace@rosen-law.com
Email:  dbleistein@rosen-law.com
***Attorneys for Defendants Alex Martinez, MAM Wealth***
***Management, LLC, and MAMW Real Estate Fund General Partner***
***LLC***