FILED NUNC PRO TUNC
JULY 2, 2012.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Securities and Exchange Commission,<br><br>Plaintiff,<br><br>v.<br><br>MAM Wealth Management, LLC; MAMW Real Estate Fund General Partner, LLC; Alex Martinez; and Raphael Sanchez,<br><br>Defendants. | NO. CV 11-02934 SJO (JCx)<br><br>***CORRECTED*** FINAL JUDGMENT AS TO DEFENDANT RAFAEL SANCHEZ |

This matter is before the Court on the Securities and Exchange Commission's ("Commission") Motion to Determine Disgorgement and Penalties, and for Entry of Final Judgment. Defendant Rafael Sanchez ("Sanchez" or "Defendant")[1] previously entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; and consented to entry of a Judgment of Permanent Injunction and Other Relief without admitting or denying the allegations of the Complaint (except as to jurisdiction), which order was

---

[1] On the caption page of the Complaint, the Commission erroneously spelled Sanchez's first name as "Raphael". The correct spelling of Defendant's first name is "Rafael".

entered. Having now considered the Commission's motion and all papers for and against, the Court finds it appropriate to enter this Final Judgment against Defendant.

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

  (b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, while acting as an investment adviser, Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act"), 15 U.S.C. §§ 80b-6(1) & 80b-6(2), by using the mails or any means or instrumentality of interstate commerce:

  (a)  to employ any device, scheme, or artifice to defraud any client or prospective client;

  (b)  to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Sanchez is liable, jointly and severally with defendant Alex Martinez, for disgorgement of $9,901,536, representing ill-gotten gains as a result of the conduct alleged in the Complaint, plus prejudgment interest thereon in the amount of $1,110,418.15, for a total judgment of $11,011,954.15. Defendant shall satisfy this obligation by paying $11,011,954.15 within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying the Defendant making the payment and identifying him as a Defendant in this action; setting forth the title and civil action number of this action and the name of this Court;

and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, Defendant may assert any legally permissible defense.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Sanchez shall pay a civil penalty in the amount of $398,321, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 209(e)(1) of the Advisers Act, 15 U.S.C. § 80b-9(e)(1). Defendant shall each make this payment within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying the defendant making the payment and identifying him as a Defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

///

///

VI.

There being no just reason for delay, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

IT IS SO ADJUDGED.

Dated: July 11, 2012.

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE